UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DE LAGE LANDEN FIN. SERVS., INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-145 |
| ) | (Phillips) |
| JEFFERSON CNTY. BD. OF EDUC., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [Doc. 3], and Plaintiff's Motion to Amend the Complaint [Doc. 5]. On April 6, 2011, De Lage Landen Financial Services, Inc. ("DLL") filed suit against the Jefferson County Board of Education ("Board"). [Plaintiff's Complaint, Doc. 1]. DLL alleges that the Board breached a lease agreement for two photocopy machines. [Id.].

On May 4, 2010, the Board filed a Motion to Dismiss for Lack of Jurisdiction [Doc. 3]. As the Board correctly recognized, DLL failed to state a proper basis for subject-matter jurisdiction in the Original Complaint [Doc. 1]. While DLL cited 28 U.S.C. §§ 1331, 1337(a), and 1345, as grounds for subject-matter jurisdiction, none of those statues provided jurisdiction. First, DLL's claims do not involve a "federal question" within the meaning of 28 U.S.C. § 1331. DLL's claims–a breach of contract claim under state law–do not "arise under" federal law. Second, DLL's claims do not "arise under" trade regulations, within the meaning of 28 U.S.C. § 1337(a). *See* Alpine Indus. v. FTC, 40 F. Supp. 2d 938, 941 (E.D. Tenn. 1998) (stating that federal courts have jurisdiction

1

under 28 U.S.C. § 1337 only if the claims arise under trade regulation statutes, such as the Federal Trade Commission Act). Third, DLL's claims are not against the United States, or an agency or officer of the United States, so 28 U.S.C. § 1345 does not provide a basis for subject-matter jurisdiction.

Realizing these jurisdictional deficiencies, DLL filed a Motion to Amend [Doc. 5] on May 12, 2010. DLL now asserts a new basis for subject-matter jurisdiction: "diversity jurisdiction" under 28 U.S.C. § 1332. In support, DLL alleges that there is complete diversity between the parties: DLL is incorporated under the laws of Michigan, and the Board is a governmental agency in Tennessee. Plaintiff also alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. As alleged in the complaint, DLL leased two photocopy machines (and related accessories) for use at the White Pine Elementary School in Jefferson County, Tennessee. [DLL's Proposed Amended Complaint, Doc. 5-1, p. 3, ¶ 5]. Plaintiff alleges that under the Lease Agreement, the Board "agreed to pay to DLL a monthly payment and that it would account to DLL for the use of the Equipment." [Id.]. As a basis for this action, Plaintiff argues that the Board breached the contract by failing to make the monthly payments. [Id., p.3, ¶ 6]. DLL alleges that it is entitled to $77,062.81 in payments. [Id., p. 3, ¶ 8]. As the Court of Appeals for the Sixth Circuit has stated, "[g]enerally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and [e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009) (quotations and citation omitted). Having reviewed the allegations in the proposed Amended Complaint [Doc. 5-1], the Court finds that Plaintiff has made a good faith request for damages in excess of $75,000.00, exclusive of interest and costs.

Despite the new basis for subject-matter jurisdiction, the Board argues that the Court should deny Plaintiff's request to amend. [Board's Response in Opposition to DLL's Motion to Amend, Doc. 9]. Rule 15 of the Federal Rules of Civil Procedure provides that where, as here, a defendant has already served a responsive pleading to the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave, the Court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *E.g.*, Miller v. Admin. Office of the Courts, 448 F.3d 887, 898 (6th Cir. 2006); Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458-59 (6th Cir. 2001).

The Court finds that each factor weighs in DLL's favor. First, allowing DLL to amend its complaint will not result in undue delay. Trial has not been scheduled yet, and the parties have not met for a Rule 26(f) discovery conference. Second, the amendment will not result in a lack of notice to the Board. The main difference between the Original Complaint [Doc. 1] and proposed Amended Complaint [Doc. 5-1] is the basis for subject-matter jurisdiction. The factual basis for the lawsuit–a breach of contract claim–has not changed. Third, there is no evidence that DLL acted in bad faith by requesting leave to amend its complaint. Fourth, the Court finds that DLL's amendment would not be "futile." This last point deserves discussion.

In its Response to DLL's Motion to Amend [Doc. 9], the Board argues that the amendment would be "futile" for two reasons. First, the Board argues that DLL failed to join indispensable parties. Fed. R. Civ. P. 19. [Id.]. Second, the Board argues that the indispensable parties, once

joined, would destroy diversity jurisdiction. [Id.]. On May 26, 2010, the Board filed suit in the Circuit Court for Jefferson County against DLL, CIT Technology Financial Services, Inc. ("CIT"), Digital Document Solutions, Inc. ("Digital"), Tom White ("Mr. White"), and Heather Hixon ("Ms. Hixon"). [Id., p.2]. In that lawsuit, the Board alleges that Digital, Mr White, and Ms. Hixon acted as DLL's agents in fraudulently procuring a lease agreement for the photocopy machines. [Id.].

The Board argues that the proposed Amended Complaint is futile because "it fails to include all necessary and indispensable parties to fully and completely adjudicate the claims originating from the fraudulent actions taken by White, Hixon, Digital, De Lage and/or CIT." [Id., p.3]. According to the Board, the alleged indispensable parties are citizens of Tennessee, and therefore would destroy diversity jurisdiction (the plaintiff, DLL, also being a citizen of Tennessee). [Id.].

In the Sixth Circuit, the term "futile" (in the context of amending pleadings) has a very distinct meaning. In Rose v. Hartford Underwriters Ins. Co., the Court of Appeals held that a proposed amendment is futile if the complaint, as amended, would not withstand a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. 203 F.3d 417, 420 (6th Cir. 2000). *See also* Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (reaffirming that an amendment is "futile" only if it would fail a Rule 12(b)(6) motion to dismiss) (citing Rose, 203 F.3d at 420). The grounds which the Board cites–failure to join indispensable parties, and the alleged resulting lack of diversity jurisdiction–are not grounds for finding an amendment "futile." Rather, those arguments relate to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such arguments do not implicate Rule 12(b)(6), which attacks the merits of the complaint, not the jurisdiction.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In 2007, the Supreme Court modified the pleading standard in the context of antitrust cases. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss, the plaintiff must "state a claim to relief that is *plausible* on its face." Id. (emphasis added). In 2009, the Supreme Court extended the Twombly (or plausibility) standard to all federal civil cases. Ashcroft v. Iqbal, - - -U.S. - - -, 129 S.Ct. 1937, 1953 (2009).

Under the new standard, a claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). Having reviewed the amended complaint, and construing all factual allegations in the light most favorable to the plaintiff, *see, e.g.,* DIRECTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007), the Court finds that DLL has stated a "plausible" claim for relief. The Board does not challenge the merits of the amended complaint, only the jurisdiction. Again, such concerns are not appropriately raised at this time. *See* Rose, 203 F.3d at 420.

In conclusion, the Board's Motion to Dismiss [Doc. 3] is **DENIED**, and DLL's Motion to Amend [Doc. 5] is **GRANTED**. Accordingly, DLL is granted leave pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint asserting a new basis for subject-matter jurisdiction. Pursuant to Local Rule 15.1, DLL shall file the amended complaint **in its entirety** within ten days of entry of this Memorandum and Order.

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge